IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHADWICK CHRISTIANSEN | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-0935 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Chadwick Christiansen, filed this pro se action originally in the Circuit Court for Rutherford County, Tennessee against the Defendants: Bank of America Corporation ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). Defendants removed the action to this Court under 28 U.S.C. § 1332, the federal diversity statute, without objection. Plaintiff filed an additional complaint (Docket Entry No. 10) with identical claims, but adds as a Defendant ReconTrust Company, N.A. ("ReconTrust").

Plaintiff's complaint is "to quiet title" and asserts claims for "breach of agreement", "fraudulent concealment", "fraud in the factum", and "non-bona fide signatures and original promissory note." (Docket Entry No. 1, Exhibit 1, Plaintiff's original complaint). The gravamen of Plaintiff's complaint is, in sum: that BAC induced him into signing a fraudulent promissory note and mortgage; that the promissory note was backed by worthless currency (not gold or silver); that the Defendants failed to produce the original note; and that Plaintiff is the true owner in fee simple of residential property at 3946 Lakebrook Drive, Murfreesboro, Rutherford County, Tennessee.

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 5), contending, in essence: (1) that Plaintiff's claim that Federal Reserve notes are not legal tender fails to state a claim; (2) that Plaintiff's breach of contract claim is insufficiently pled; (3) that Plaintiff's breach of contract claim is time-barred by the applicable statute of limitations; (4) that MERS is not a proper party to Plaintiff's claim; (5) that Plaintiff's fraud claims are insufficiently pled; and (6) that Plaintiff's fraud claims are time-barred by the applicable statute of limitations.

In his response to Defendants' motion to dismiss (Docket Entry No. 9), Plaintiff asserts, in sum: (1) that the Defendants' motion to dismiss is "poorly written, confusing, and vague"; (2) that the Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601, et. seq. ("TILA") and the Home Ownership and Equity Protection Act, 15 U.S.C. § 1640(a)(4) and 12 C.F.R. § 226.32; (3) that the Defendants are liable to him for damages; (4) that an original promissory note must be produced for inspection; (5) that there is no statute of limitations in this action; (6) that his complaint sufficiently alleges a claim for fraud; and (7) that the Defendants have colluded against him.

For the reasons set forth below, the Court concludes that Plaintiff's currency claims and claims under Michigan law fail to state claims upon which relief can be granted, but Plaintiff's other claims state plausible claims for relief. Accordingly, Defendants' motion to dismiss should be granted in part and denied in part.

### A. Analysis of the Complaint

According to the attachments in his original complaint[1], on January 25, 2008, Plaintiff executed a deed of trust with Countrywide Bank FSB ("Countrywide") as the "Lender". (Docket Entry No. 1, attachment thereto, Exhibit 2, deed of trust at 2). The amount of the note was $994,991.00. Id. Plaintiff's attachments to his complaint reflect that the "Deed of Trust" is

---

[1] As discussed infra, the attachments to the complaint are deemed part of the complaint.

described as a "Security Instrument." Id. There is also attached to this instrument a "supplement [to] the Mortgage, Deed of Trust or Security Deed (the 'Security Instrument')", that was "to secure Borrower's...'Note'" Id. at 12. Under these agreements, the law of the site of the property controls. Id. at 6, ¶ 16.

This document reflects that "MERS" was a "beneficiary of this Security Instrument", but "solely as a nominee for Lender and Lender's successors and assigns" as well as the "successors and assigns of MERS." Id. at 3. According to the deed of trust documents, Plaintiff "understands and agrees that MERS holds only legal title to the interests granted by [Plaintiff] in this security agreement...MERS (as nominee for Lenders and Lender's successors and assigns) has the right: to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property..." Id. at 3-4.

In the state court complaint, Plaintiff alleges the following facts for his "complaint to quiet title" claim:

> 3. That the value of the property in controversy exceeds $25,000.00
>
> 4. That both Plaintiff and Defendant claim an interest in the property.
>
> 5. Plaintiff claims a fee simple interest in the property pursuant to their recorded deed among the Land Records with the Register of Deeds Office of Rutherford County, Tennessee.
>
> 6. Defendants' claim to have a valid mortgage and not recorded with the Register of Deeds with the Register of Deeds Office Rutherford County, Tennessee.
>
> 7. The Defendants' alleged lien against property commonly known as 1946 Lakebrook Drive.
>
> 8. That the alleged lien should be concealed and the Plaintiffs title restored.
>
> 9. The Defendants has violated: MCLA 440-2609.
>
> 10. The Defendants has violated: MCLA 440-3302.

3

11. That a Permanent stay of proceedings in District Court and action by the Defendants or its authorized representative are stayed retroactive to any filings made by the Defendants.

**WHEREFORE PLAINTIFF PRAYS THIS HONORABLE COURT ISSUES IT'S STAY IN DISTRICT COURT, to be determined, retroactive and to remaining render prohibiting,** any TRUSTEE and CUSTODIAN BY: BANK OF AMERICA, ET. AL, AND ANY THIRD PARTY DEBT COLLECTOR as ATTORNET-IN-FACT **BY ASSIGNMENT** and all parties associated with it **from proceeding to sell or encumber the property** and that this Plaintiff may have such other and further relief as may be equitable in the premises and his attorney fees and cost herein.

(Docket Entry No. 1, Exhibit 1, Complaint to Quiet Title, at ¶¶ 3-11) (emphasis added).

For his breach of contract claim, Plaintiff's complaint contends the following factual allegations:

13. That Plaintiff was led to believe Defendant was providing him lawful United States dollars pursuant to their negotiations. Federal Reserve Notes are unlawful by the constitution of the United States.

14. That Defendant presented Plaintiff with a promissory note wherein which Defendant used to create a liability for themselves instead of an asset evidencing they did not loan Plaintiff any money. Promissory notes create intrinsic value.

15. That instead of Plaintiff being the alleged borrower, the bank became the borrower from Plaintiff and there was not dir [sic] agreement for Plaintiff to provide a loan to the bank. **Plaintiff demands to see the original promissory note...**

16. That the bank used the note to engage in criminal act giving Defendant illegal Consideration and breaching the agreement. The bank didn't record the promissory note as a deposit as determined by the General Accepted Accounting Practices (GAAP).

Id. at ¶¶ 13-16 (emphasis in original).

Plaintiff's claim for fraudulent concealment alleges the Defendants committed the following acts:

18. **That Plaintiff has requested the original promissory note be produced and Defendant has failed or refused to produce and verify the existence of the original note upon which it asserts its property interest.** Without the note being produced there is no evidence of a loan.

19. That Defendant has failed or refused to disclose the true source of funds used by it to

4

purchase the promissory note. Gold and silver coins are the only lawful money to purchase the promissory note pursuant to the Coinage Act of April 2, 1792.

20. **The Defendant has refused to disclose the current whereabouts of the original note. This is necessary to determine who should be compensated.**

21. **That Defendant misrepresents the source of funding for the note they insisted on.** The bank creates money by the ledger entries.

22. That Defendant is concealing material facts relevant to the alleged loan upon which they are attempting to justify their property interest. The U.S. Supreme Court has ruled that the Federal Reserve System cannot lawfully create money.

Id. at ¶¶ 18-22 (emphasis added).

For his fraud in the factum claim, Plaintiff alleges the following facts:

24. That there was misrepresentation as to the nature of the writing the Plaintiff was told to sign pursuant to the alleged agreement, Plaintiff having neither knowledge nor a reasonable opportunity to obtain knowledge of its true character or essential terms.

25. That Plaintiff was never informed that the promissory note was to be used by Defendant to obtain loans from and to be sold to other parties using Plaintiff's signature to facilitate the creation of money in Defendant's account. The U.S. Constitution defines lawful money at Article I, Section 8, clause 5 and Article I, Section 10, clause 1 as Gold and/or Silver coin only. Neither the Unites States Constitution nor the Coinage Act of April 2, 1792 has been repealed.

Id. at ¶¶ 24-25.

Plaintiff's "Non-Bona Fide Signatures and Original Promissory Note" claim involves the following factual allegations:

27. That Plaintiff has on numerous occasions requested Defendant provide the **original promissory note with an original signature.**

28. **That Defendant does not possess a promissory note with Plaintiff's original signature.**

29. That an alleged copy of a signature is not sufficient.

30. That the original promissory note, front and back, associated with the loan is to be produced.

31. That any alleged note, front and back, affixed to be borrower's promissory note for

5

endorsement must be produced.

32. That due process mandates the production of the requested originals to protect against Fraud, theft or, deception.

Id. at ¶¶ 27-32 (emphasis in original and added in part).

### B. Conclusions of Law

As in initial matter, Plaintiff asserts that, "[t]he Defendant's Motion to Dismiss is poorly written, confusing and vague. If the Objection is not acceptable, then Plaintiff request [s] that the Defendant(s) should be required to submit a new one explaining their positions in detail in that I am not a lawyer." (Docket Entry No. 9 at ¶ 2). The Court considers Plaintiff's motion papers to be a motion for a more definite statement that applies to a complaint or answer, not a motion. Thus, Plaintiff's objection should be overruled.

As to Defendant's motion to dismiss, the Court must accept the complaint's factual allegations as true and construe the complaint liberally in favor of the plaintiff. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). See also Copeland v. Ocwen Bank, No. 06-14817, 2007 WL 496448, at *3 (E.D. Mich. Feb. 12, 2007) ("Even pro se litigants must meet minimum standards...") (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Indeed, "it is not...proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated...laws in ways that have not been alleged." "It is well established that pro se pleadings should be construed more

liberally than pleadings drafted by lawyers." Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992). Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement". Id. at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'". Id. at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., 129 S.Ct. at 1949-1950.

In addition to attachments to the complaint, Defendants submitted documents with their motion to dismiss. As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Thus, "when deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings." Armengau v. Cline, 7 Fed.Appx. 336, 343, No. 99-4544, 2001 WL 223857 (6th Cir. Mar. 1, 2001). Yet, the Sixth Circuit's "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)," is that "[i]f referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Id. at 344 (citations omitted). Applying these principles, the Court can consider only public records that are related to allegations in Plaintiff's complaint.

In Tennessee, a breach of contract claim requires "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." C & W Asset Acquisition, LLC v. Oggs, 230 S.W.3d 671, 676-77 (Tenn. Ct. App. 2007). The basic elements of a fraud claim are: "1) an intentional misrepresentation about a material fact, 2) knowledge of the representation's falsity, 3) that the person claiming fraud reasonably relied on the misrepresentation and suffered damages, and 4) that the misrepresentation relates to an existing or past fact or, if the claim involves promissory fraud, that it embodies a promise of future action without the present intention to carry out the promise." Starnes Family Office v. McCullar, 765 F.Supp.2d 1036, 1052 (W.D.Tenn. 2011) (citing Carter v. Patrick, 163 S.W.3d 69, 77 (Tenn.Ct.App.2004)).

8

Here, Defendants contend MERS does not have any authority in this action. Yet, Plaintiff's attachments to his complaint reflect that MERS is the nominee of Countrywide with the authority to foreclose on the property. Plaintiff's attachments to his complaint reflect a "Deed of Trust" that is described as a "Security Instrument" (Docket Entry No. 1, Exhibit 2 at 3-4). There is also attached to this instrument a "supplement [to] the Mortgage, Deed of Trust or Security Deed (the 'Security Instrument')", that was "to secure Borrower's...'Note'" Id. at 12. Under these agreements, the law of the site of the property controls. Id. at 6, ¶ 16.

Under Tennessee law, mortgages and "notes" are negotiable instruments that can be sold.

> **47-3-104. Negotiable instrument.** – (a) Except as provided in subsections (c) and (d), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order...
>
> * * * *
>
> (b) "Instrument" means a negotiable instrument...
> (e) An instrument is a "note" if it is a promise and is a "draft" if it is an order. In an instrument falls within the definition of both "note" and "draft," a person entitled to enforce the instrument may treat it as either...

Tenn. Code Ann. § 47-3-104(a), (b), (e).

Yet, enforcement of the note is vested in the noteholder or nonholder in possession of the note.

> **47-3-301. Person entitled to enforce instrument.** – "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has rights of a holder...

Tenn. Code Ann. § 47-3-301.

Here, Plaintiff alleges that Defendants have refused to produce the original note that is a prerequisite to the note's enforceability. In U.S. Bank Nat'l Assoc. v. Ibanez, 941 N.E.2d 40, 53 (Mass. 2011), the Massachusetts Supreme Judicial Court held that for a valid assignment "there must be proof that the assignment was made by a party that itself held the mortgage." (citation

9

omitted). Thus, for the Defendant BAC to seek foreclosure without possession of the note is actionable under Tennessee law.

As to Defendant MERS, the underlying mortgage expressly names MERS as the entity with the authority to foreclose on the property. (Docket Entry No. 1, Exhibit 2 at 3-4). In such actions, MERS has been deemed an indispensable party. Renkemeyer v. Mortgage Elec. Registration Sys., Inc., No. 10-2415-JWL, 2010 WL 3878582, at *2 (D.Kan. Sept. 28, 2010); In re Tucker, 441 B.R. 638, 645 (Bkrtcy.W.D.Mo. 2010). Given the mortgage's express reference to MERS, the Court concludes that a potential claim is stated against MERS.

As to Defendants' timeliness challenge, the parties' mortgage documents were executed in 2008. Tennessee's statute of limitations for breach of contract claims is six years. Tenn. Code Ann. § 28-3-109(a)(3). Plaintiff's breach of contract claim is timely. Tennessee's statute of limitations for fraud claims is three years. Tenn. Code. Ann. § 28-3-105. Yet, for tort claims, Tennessee adopts a rule that a claim accrues when a reasonable person would be on notice of his or her claim. Quality Auto Parts Co., Inc., v. Bluff City Buick Co., Inc., 876 S.W.2d 818, 820 (Tenn. 1994). Considering the complaint, the Court lacks the factual allegations to decide this challenge to Plaintiff's fraud claim. Thus, the Defendants' timeliness challenge to Plaintiff's fraud claims is denied without prejudice to renew after merits discovery.

Based upon Plaintiff's factual allegations and the attachments of Plaintiff's complaint, Defendants' refused to produce the original note and the Court concludes that under Tennessee law, Plaintiff's complaint states viable breach of contract and fraud claims. Yet, Plaintiff's currency claims lack merit. Plaintiff's claims that are based on Michigan law, fail to state a claim as a matter of law because under the parties' agreement, Tennessee law governs.

For these reasons, the Court concludes that Defendants' motion to dismiss (Docket Entry No. 5) should be granted in part and denied in part.

An appropriate Order is filed herewith.

**ENTERED** this the ____ day of May, 2012.

                                                          WILLIAM J. HAYNES, JR.
                                                          United States District Judge