IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHADWICK CHRISTIANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-00935 |
| | ) | Chief Judge Haynes |
| BANK OF AMERICA, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Chadwick Christiansen, filed this pro se action originally in the Circuit Court of Rutherford County, Tennessee against the Defendants: Bank of America Corporation ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiff asserts claims against Defendants including "breach of agreement," "fraudulent concealment," "fraud in the factum," and "non-bona fide signatures and original promissory note." (Docket Entry No. 10). Defendants removed this action to this Court under 28 U.S.C. § 1332, the federal diversity statute, without objection. Plaintiff filed an additional complaint (Docket Entry No. 10) with identical claims, but added as a Defendant ReconTrust Company, N.A. ("ReconTrust").

In earlier proceedings, Defendants filed a motion to strike the complaint on the grounds that Plaintiff had not requested leave to amend the original complaint. (Docket Entry No. 11). On April 30, 2012, the Court denied Defendants' motion to strike and allowed Plaintiff to file the amended complaint. (Docket Entry No. 14). According to his amended complaint, Plaintiff purchased a residential property at 3946 Lakebrook Drive, Murfreesboro, Tennessee. (Docket Entry No. 10).

1

On May 2, 2012, the Court granted in part and denied in part the motion to dismiss filed by BAC and MERS.(Docket Entry No. 21). On that same day, Defendants renewed their motion to dismiss. (Docket Entry No. 17). Subsequently, on May 16, 2012, the Court again granted in part and denied in part Defendants' motion to dismiss for the same reasons stated in the Memorandum dated May 2, 2012. (Docket Entry No. 26). The Court allowed Plaintiff to state claims for breach of contract and fraud based upon Defendants' failure to produce the original promissory note to Plaintiff, but dismissed remaining causes of action. (Docket Entry No. 20).

Before the Court are Defendants' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Docket Entry No. 29) and Plaintiff's motion for a hearing (Docket Entry No. 34). In its motion, Defendants contend, in sum, assuming Plaintiff's allegations as true, Plaintiff fails to state a claim for relief. Plaintiff filed his response (Docket Entry No. 32) reiterating his contention that Defendants are legally obligated to present the original promissory note. In its motion, Plaintiff seeks discovery of the original promissory note.

For the reasons stated below, the Court concludes that the Defendants' motion for judgment on the pleadings should be granted because the Plaintiff's complaint lacks actionable claims for breach of contract and fraudulent concealment under Tennessee law.

### A. Conclusions of Law

A motion for judgment in the pleadings is decided on the same standards as a Rule 12(b)(6) motion to dismiss. Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). In deciding a Rule 12(b)(6) motion to dismiss, the Court can grant the motion only if the complaint's allegation "raise a right to belief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). The Court "construe[s] the complaint in the light most favorable to the non-moving party,

2

accept[s] the well-pled factual allegations as true, and determine[s] whether the moving party is entitled to judgment as a matter of law." Barany–Synder v. Weiner, 539 F.3d 327, 331 (6th Cir. 2008) (citation omitted). The motion may only be granted if "plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir.2000) (citations omitted). Yet, the Court is not required to accept legal conclusions or unwarranted factual inferences. See Weiner, 539 F.3d at 331.

The lynchpin of Plaintiff's remaining claims rest upon the fact that Defendants have purportedly failed to show him a copy of the original promissory note. As such, the Court examines whether Tennessee law requires a person or entity attempting to enforce a promissory note to produce the original note upon a party's request.

In considering Defendants' motion to dismiss (Docket Entry No. 20), the Court looked to U.S. Bank Nat'l Assoc. v. Ibanez, 941 N.E.2d 40 (Mass. 2011) for guidance in concluding that Defendant BAC's efforts to seek foreclosure without possession of the original promissory note was actionable under Tennessee Law. Id. at 53 ("there must be proof that the assignment was made by a party that itself held the mortgage."). Ibanez has since been narrowed, as the Massachusetts Supreme Judicial Court held, "we do not conclude that a foreclosing mortgagee must have a physical possession of the mortgage note in order to effect a valid foreclosure." Eaton v. Fannie Mae, 586 Mass. 569, 586 (2012).

Under Tennessee law, when enforcing a negotiable instrument, such as a promissory note, the person or entity entitled to enforce the note may have to produce the note when the person makes a "presentment." See Donaldson v. BAC Home Loans Servicing, L.P., 813 F. Supp. 2d 885, 894 (M.D. Tenn. 2011). The Tennessee Code defines presentment as a "demand made by or on behalf

3

of a person entitled to enforce an instrument (1) to pay the instrument made to the drawee or a party obliged to pay the instrument." Tenn. Code Ann. § 47-3-501(a). "Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument." Id. § 47-3-501(b)(2). Yet, § 47-3-504(a) states that presentment for payment of an instrument is excused if "by the terms of the instrument present is not necessary to enforce the obligation of endorsers or the drawer" or "the drawer or endorser whose obligation is being enforced has waived presentment or otherwise has no reason to expect or right to require that the instrument be paid or accepted." In sum, if by the terms of the promissory note the borrower has waived his right to presentment, the person or entity entitled to enforce the promissory note need not make a demand or produce the promissory note to enforce it.

In this action, copies of the original promissory note signed by Plaintiff have been filed with the Court (Docket Entry No. 30-1). The promissory note reads, in pertinent part:

> **I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor.** "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Note of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Id. at ¶ 10 (emphasis added). Under Tennessee law, once Plaintiff defaulted under the terms of the promissory note, Plaintiff became liable on the promissory note without the necessity of presentment. Therefore, by Plaintiff's waiver of presentment of the note, the Court concludes that Defendants' may enforce the promissory note without producing the original promissory note to Plaintiff.

### 1. Breach of Contract Claim

For his breach of contract claim, Plaintiff's complaint alleges, in pertinent part, the

following factual allegation:

> 15. That instead of Plaintiff being the alleged borrower, the bank became the borrower from Plaintiff and there was no dir [sic] agreement for Plaintiff to provide a load to the bank. **Plaintiff demands to see the original promissory note . . .**

(Docket Entry No. 1 at ¶ 18) (emphasis in original).

In Tennessee, a breach of contract claim requires "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of contract, and (3) damages caused by the breach of contract." <u>C & W Asset Acquisition, LLC v. Oggs</u>, 230 S.W.3d 671, 676-77 (Tenn Ct. App. 2007). As discussed above, under Tennessee law, Defendants are not required to produce the original promissory note by virtue of Plaintiff's waiver of presentment. Thus, Plaintiff cannot meet his burden for breach of contract for Defendants' failure to produce the original note.

### 2. Fraudulent Concealment Claim

Plaintiff's claim for fraudulent concealment alleges, in pertinent part, the Defendants committed the following acts:

> 18. **That Plaintiff has requested the original promissory note be produced and Defendant has failed or refused to produce and verify the existence of the original note upon which it asserts its property interest.** Without the note being produced there is not evidence of a loan.
>
> * * *
>
> 20. **That Defendant has refused to disclose the current whereabouts of the original note.** This is necessary to determine who should be compensated.

(Docket Entry No. 1 at ¶ 18) (emphasis added).

The basic elements of a fraud claim are: "1) an intentional misrepresentation about a material fact, 2) Knowledge of the representation's falsity, 3) that the person claiming fraud reasonably relied on the misrepresentation and suffered damages, and 4) that the misrepresentation relates to an existing past fact or, if the claim involves promissory fraud, that it embodies a promise of future action without the present intention to carry out the promise." Starnes Family Office v. MaCullar, 765 F. Supp. 2d 1036, 1052 (W.D. Tenn. 2011) (citing Carter v. Patrick, 163 S.W.3d 69, 77 (Tenn. Ct. App. 2007)).

Additionally, "[f]or concealment or nondisclosure to constitute fraud, the party charged with fraud must have had knowledge of an existing fact or condition and a duty to disclose the fact or condition." McPherson v. Shea Ear Clinic, 2007 WL 1237718, at *10 (Tenn. Ct. App. Apr. 27, 2007) (citing Hill v. John Banks Buick, Inc., 875 S.W.2d 613, 616 (Tenn. Ct. App. 1997). Thus, for Plaintiff to succeed on a fraud claim, he must prove Defendants have a duty to disclose the original promissory note. Under Tennessee law, however, "the duty to disclose arises in three distinct circumstances: (1) "[w]here there is a previous definite fiduciary relation between the parties," (2) "[w]here it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other," and (3) '[w]here the contract or transaction is intrinsically fiduciary and calls for perfect good faith.'" Shah v. Racetrac Petroleum Co., 338 F.3d 557, 571 (6th Cir. 2003) (citing Domestic Sewing Mach. Co. v. Jackson, 83 Tenn. 418, 425 (1885)).

Here, Plaintiff does not allege an actual or intrinsic fiduciary relationship with Defendants. For the reasons stated earlier, Defendants are not contractually obligated to produce the original promissory note, given Plaintiff's waiver of his right to presentment.

### 3. Defendants' Claim that BAC and MERS Canot Produce the Note

Because the Court concludes Defendants' are not legally required to produce the original promissory note, Defendants' claim that BAC and MERS cannot produce the original promissory note is moot.

For these reasons, the Court concludes that the Defendants' motion for judgment on the pleadings should be granted.

An appropriate Order is filed herewith.

**ENTERED** this /6th day of January, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court.